UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:

CAROLYN G. BROWN,

Debtor.
-------------------------------------------------------------------x

Return Date and Time:
December 11, 2019 at 3:00 p.m.

Chapter 7

Case No. 18-11720 (MEW)

## MEMORANDUM OF LAW OF SECURED LENDER
## IN SUPPORT OF DISMISSAL OF CHAPTER 13 CASE

**Preliminary Statement**

This Memorandum of Law is respectfully submitted by the secured lender herein, Milton Davis ("Davis"), in connection with the emergency hearing scheduled by the Court regarding the bad faith of the Debtor herein, Carolyn Brown, in commencing a Chapter 13 case on the eve of the scheduled foreclosure sale and during the pendency of an already existing Chapter 7 case (Case No. 19-13865).

On October 2, 2019, Davis was granted relief from the automatic stay to pursue a U.C.C. foreclosure sale of a co-operative apartment located at 100 W. 94th Street, Apt. 13C, New York, New York (the "Apartment") in connection with the Debtor's Chapter 7 case (ECF #56).

Pursuant to decision dated August 16, 2019, the Apartment was previously found not to constitute the Debtor's principal residence at the time of the original loan in October 2012 (Adv. Pro. No. 19-01100 ECF #24).

Follow vacatur of the automatic stay, Davis noticed a foreclosure sale for December 6, 2019, with publication in the New York Post, only to have the Debtor take the brazen step of commencing a new Chapter 13 case on December 5, 2019 by filing a skeletal petition, without schedules or a Chapter 13 plan. The Debtor did not even pay the full filing fee, and manifestly sought Chapter 13 relief simply to obtain the benefit of a new automatic stay after

the earlier stay in the Chapter 7 case was previously vacated. The timing of the filing leads to the inescapable conclusion that the petition was filed for purposes of thwarting this Court's prior Order lifting the automatic stay.

Upon learning of the new Chapter 13 bankruptcy, Davis requested an emergency conference, which was held before the Court on December 9, 2019 (the "Conference"). Following the Conference, the Court set down the matter for further proceeding on an expedited basis on December 11, 2019 at 3:00 p.m. Davis anticipates that the Debtor will argue that she can maintain simultaneous bankruptcy filings. This Memorandum of Law addresses that issue, and establishes that simultaneous bankruptcy filings cannot be used to administer the same asset in bankruptcy.

**POINT I:**

**There cannot be Simultaneous Bankruptcies Administering the Same Asset**

The Court is clearly abreast of all of the issues, having discussed Judge Craig's decision In *In re Lord*, 295 B.R. 16 (Bankr. E.D.N.Y. 2003) during the Conference. As set forth below that case and others negates the Debtor's ability to proceed with a simultaneous bankruptcy filing of the Chapter 13 petition in good faith.

The filing of a Chapter 13 case following a Chapter 7 filing is colloquially called a "Chapter 20" case, and has received a good deal of commentary and legal consideration. The practice was approved by the Supreme Court in concept in *Johnson v. Home State Bank*, 501 U.S. 78 (1991), which held that "Congress did not intend categorically to foreclose the benefit of a Chapter 13 reorganization to a debtor who has previously filed for Chapter 7 relief." *Id.*, 501 U.S. at 87. In *Johnson v. Home State, supra*, however, there is no mention as to the specific status of the prior Chapter 7 case when the subsequent Chapter 13 petition was filed by the

2

debtor. Instead, the Supreme Court decided the matter on the basis that an *in rem* claim survived a bankruptcy discharge under Chapter 7. *Id.*, 501 U.S. at 84 ("we have no trouble concluding that a mortgage interest that survives the discharge of a debtor's personal liability is a 'claim' within the terms of §101(5)").

Following the *Johnson* decision, the Second Circuit BAP panel in *In re Turner*, 207 B.R. 373 (B.A.P. 2d Cir. 1997), *as amended* (Mar. 4, 1997) had occasion to review "simultaneous" bankruptcy filings and made several important observations: First, the BAP Panel noted that the Supreme Court "did not address whether a debtor may maintain a chapter 13 case during the pendency of a Chapter 7 case." *Id.*, 207 B.R. at 378

Second, the BAP Panel also noted that the coupling of a Chapter 7 case with a Chapter 13 case has been described as a "'simultaneous chapter 20' as opposed to a 'serial or sequential chapter 20' in which the chapter 13 case is commenced after closure of the chapter 7 case." *Id.*

Third, the BAP Panel adopted the majority rule, having its genesis in Supreme Court precedent, that there is a strict prohibition against having two cases opened simultaneously, under the theory that the "debtor possesses only one estate for the purpose of trusteeship and each bankruptcy must be administered as a single estate under a single chapter of the Bankruptcy Code." *Id.*

Fourth, that even a minority view that does not adopt an absolute *per se* bar to simultaneous filings, still runs the risk of inviting bankruptcy abuse, and making available "an easy avenue for abuse of the bankruptcy system". *Id.*

Judge Craig has squarely addressed the issue of simultaneous bankruptcy filings on two occasions, first in *In re Lord, supra*, where she stated:

3

> The majority of courts to address this issue have ruled that only one bankruptcy case may be pending at a time and for a given debtor. *E.g., In re Fulks,* 93 B.R. 274, 275 (Bankr.M.D.Fla.1988); *In re Smith,* 85 B.R. 872, 874 (Bankr.W.D.Okl.1988); *In re Barnes,* 231 B.R. 482, 483–485 (E.D.N.Y.1999); *In re Heywood,* 39 B.R. 910, 911 (Bankr. W.D.N.Y. 1984). This view, adopted by the Bankruptcy Appellate Panel of the Second Circuit in *In re Turner,* 207 B.R. 373, 378 (2d Cir. BAP 1997), holds that "a debtor possesses only one estate for the purpose of trusteeship and each bankruptcy must be administered as a single estate under a single chapter of the Bankruptcy Code." Under this view, a debtor is barred from filing a Chapter 13 petition before the Chapter 7 case is closed, even if the debtor has already received a discharge in the Chapter 7 case.

*Id,* 295 B.R. at 18.

More recently, in *In re Shankman,* 382 B.R. 591 (Bankr. E.D.N.Y. 2008), Judge Craig noted that where, as here, the Chapter 7 trustee had not previously abandoned his interest in the debtor's apartment, there could not be a second filing:

> Even under the minority view, however, a Chapter 13 case may not be filed to obtain control of an asset which is simultaneously being administered in a Chapter 7 case. Put differently, if an asset is property of the estate in a Chapter 7 case, it is not property of the debtor at the time of the filing of the subsequent Chapter 13 case, and therefore does not become property of the estate in the Chapter 13 case.

Id., 382 B.R. at 595.

*Shankman* has been cited with approval by the District Court in *In re Albert,* 2011 WL 1594953 (E.D.N.Y. 2011) (affirming the Bankruptcy Court finding that a Chapter 7 case filed during the pendency of a prior Chapter 13 case was a "legal nullity"). It has also been cited by this Court (Hon. Martin Glenn), recognizing the "'single-estate' rule only permit[s] simultaneous bankruptcies with respect to different assets and different debts." *In re Truong,* 2009 WL 2929261, at *5 (Bankr. S.D.N.Y. 2009).

Perhaps most importantly for purposes of the Emergency Hearing, the undersigned has confirmed with the Trustee's counsel that the Trustee has not abandoned the

4

Apartment, and stands to recover any surplus that may be generated by the U.C.C. auction sale. The undersigned has requested that the Chapter 7 Trustee weigh in on the Debtor's simultaneous bankruptcy filings.

It was also suggested during the conference that a possible conversion of the Chapter 7 case to Chapter 13. Such conversion is not automatic, and remains subject to a good faith standard. (*Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007)). The Debtor cannot meet the good faith standard since she is not even a wage earner eligible for Chapter 13, as she previously testified that she is retired. Moreover, her previous Chapter 13 case was dismissed in 2016 because she had no meaningful income to support a plan. At this juncture, after approximately six years of mortgage arrears dating back to October 2013, the secured debt is beyond any realistic ability of the Debtor to refinance.

In any event, the Debtor previously had ample opportunity during the first and second cases to refinance the debt or secure a buyer for the Apartment. All of these opportunities were forsaken by the Debtor. Given this history, there is absolutely no basis to believe that anything has changed, and the grounds previously supporting lifting the automatic stay apply with even greater force now.

5

## Conclusion

Based upon all of the foregoing, Davis respectfully submits that the Chapter 13 case should be dismissed as a nullity or made in bad faith, and an *in rem* injunction should be imposed to bar any further bankruptcy filings impacting the Apartment.

Dated:  New York, New York
December 9, 2019

Goldberg Weprin Finkel Goldstein LLP
Attorneys for Milton Davis
1501 Broadway – 22nd Floor
New York, New York 10036
(212) 221-5700


By:     /s/ Kevin J. Nash