UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :
                                                            :     Chapter 7
CAROLYN G. BROWN,                                           :
                                                            :     Case No. 18-11720 (MEW)
                    Debtor.                                 :
------------------------------------------------------------x
In re                                                       :
                                                            :     Chapter 13
CAROLYN G. BROWN,                                           :
                                                            :     Case No. 19-13865 (MEW)
                    Debtor.                                 :
                                                            :
------------------------------------------------------------x

**ORDER (A) GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY, AND (B) DIRECTING THE DEBTOR TO SHOW CAUSE AS TO: (1) WHY THE CHAPTER 13 PETITION SHOULD NOT BE DISMISSED; (2) EVEN IF THE CHAPTER 13 PETITION IS NOT DISMISSED, WHY CERTAIN PROPERTY SHOULD NOT BE TREATED AS PROPERTY OF THE DEBTOR'S CHAPTER 7 ESTATE AND NOT AS PROPERTY OF HER CHAPTER 13 ESTATE; AND (3) EVEN IF THE CHAPTER 13 CASE WERE TO CONTINUE AND THE RELEVANT PROPERTY WERE PART OF A CHAPTER 13 CASE, WHY RELIEF FROM THE AUTOMATIC STAY SHOULD NOT BE GRANTED TO PERMIT A UCC FORECLOSURE SALE TO BE COMPLETED**

Carolyn G. Brown (the "Debtor") filed the above-captioned chapter 7 case in this Court. In that case the Court granted relief from the automatic stay to permit creditor Milton Davis ("Davis") to proceed with a UCC foreclosure sale regarding the Debtor's interests in a cooperative apartment located at 100 West 94th Street, New York NY 10025 (the "Apartment"). *See* ECF Docket No. 56. The foreclosure sale was scheduled to take place on December 6, 2019 at 12:00 noon, but on December 5, 2019 the Debtor commenced the above-captioned *pro se* chapter 13 case, at which point Davis cancelled the UCC foreclosure sale rather than risk running afoul of a stay in the chapter 13 case. The Court held an initial conference as to these matters on December 9, 2019 at which the Debtor's chapter 7 counsel and counsel to Davis appeared. The Court held a further conference on December 11, 2019 at which Mr. Davis's counsel appeared

and at which Ms. Brown's nephew appeared. For the reasons set forth on the record at the December 9, 2019 and December 11, 2019 conferences, it is hereby

ORDERED, that the Debtor, Carolyn Brown, shall show cause at a hearing before this Court on January 17, 2020 at 10:00 a.m. as to each of the following matters:

(a) why the Chapter 13 petition should not be dismissed;

(b) even if the chapter 13 petition is not dismissed, why the Apartment should be treated as an asset of the chapter 13 estate rather than an asset of the chapter 7 estate; and

(c) even if the chapter 13 case is not dismissed and even if the Apartment is treated as an asset of the chapter 13 estate, why the Court should not grant relief from the automatic stay in favor of Davis in order to permit a UCC foreclosure sale to be completed;

and it is further

ORDERED, that in order to prevent unnecessary delay and to protect the interests of Davis, the automatic stay imposed in the above-captioned cases by section 362(a) of the Bankruptcy Code is hereby modified under section 362(d) of the Bankruptcy Code, effective immediately, to permit Davis to send notices and to take all other steps necessary to conduct a UCC foreclosure sale with respect to the Apartment, except that such sale shall not be scheduled to occur any earlier than January 20, 2020 and that such sale may be cancelled if Ms. Brown shows cause as to each of the matters set forth above; and it is further

3

ORDERED, that the Court reserves jurisdiction over these matters, including the power to modify this Order in the event the circumstances so warrant.

Dated: December 16, 2019
      New York, New York

                                      **s/Michael E. Wiles**
                                      UNITED STATES BANKRUPTCY JUDGE